IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MADISON REALTY CAPITAL, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-09-3558 |
| | § | |
| JAMES D. SALVAGIO, | § | |
| | § | |
| Pro Se Defendant. | § | |

### OPINION AND ORDER RE FEES AND EXPENSES

Pending before the Court in the above referenced cause, in which the Court granted summary judgment in favor of Plaintiff Madison Realty Capital, L.P. ("Madison") against *pro se* Defendant James D. Salvagio for breach of a personal guaranty of a promissory note, is a "supplement to motion for summary judgment" (instrument #34), filed pursuant to court order, with a proposed final summary judgment (Exhibit I) and update (Exhibit II and Exhibits A and B) of the request for reasonable attorney's fees originally made in Madison's motion for summary judgment (#12). Defendant has not filed a response nor objections.

The request for fees in this action, asserting a Texas state law claim for an oral or written contract, is brought under Chapter 38.001 *et seq.* of the Texas Civil Practices and Remedies Code. The Court requested counsel Julia A. Cook of Schlanger, Silver, Barg & Paine, L.L.P., to supplement her original affidavit with records and an affidavit addressing the factors set out in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir, 1974) since

the factors for determination of reasonable attorney's fees Texas law[1] are comparable to those in *Johnson*. *Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000); *Robinson v. State Farm Fire & Cas. Co.*, 13 F.3d 160, 164 (5th Cir. 1994). Ms. Cook has complied. After carefully reviewing her affidavit and the attached, detailed records for the necessary legal services during this litigation provided by herself and firm co-partner William Lawhon, two paralegals, and Plaintiff's New York counsel Kriss & Feuerstein, the Court finds her fee and expenses request is justified, reasonable and necessary. Accordingly, the Court

ORDERS that counsel for Madison are entitled to recover from Defendant $58,853.92: of this sum, $55,493.55 was billed by Schlanger, Silver, Barg & Paine, L.L.P.; $1,262.37 was incurred in expenses; $2,025.00 was billed by New York counsel for review of loan and HUD documentation and bankruptcy proceedings; and $73 was incurred in miscellaneous expenses.

**SIGNED** at Houston, Texas, this 4th day of November, 2011.

*[signature: Melinda Ha]*

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[1] *See Arthur Andersen & Co. v. Perry Equip. Corp.* 945 S.W. 2d 812, 818 (Tex. 1997)(identifying factors to be considered in determining the reasonableness of an award of attorney's fees).